The judgment of the court was pronounced by
Slidell, J.
When this cause was previously before us, we reverse the judgment of the district court, dissolved the attachment, and gave judgment against the owners personally. The main question now presented is the liability of the sureties in the appeal bond. They contend, that they are not liable, because the judgment from which the appeal was taken was not affirmed. The condition of the appeal bond follows the terms of the 579th article of the Code of Practice. “Now, the condition of the above obligation is such, that the above bound Barclay, and others, shall prosecute their appeal, and shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of the sale of .their estate, real or personal, if they be cast in the appeal; otherwise, that 'the said sureties shall be liable in their place.” The question is the same as was presented in Diamond v. Petit, and which then received a careful consideration. Our opinion .upon the point remains unchanged. See 3d Ann. 39.
It is said, however, that, even if the sureties are liable, the plaintiffs are not entitled to proceed against them, by notice under the act of 1.839. The objection is based upon the strict letter of the statute. It is .entitled an act to amend the Code of Practice. Three sections are framed for the purpose of expediting the remedy of the successful litigant against judicial sureties. Sec. 2, 3, 20. The 20th section provides, that in all cases of appeal to the Supreme Court, or other tribunals in this State, if the judgment appealed from be affirmed, the ■ plaintiff may, on the return of the execution, that no property has been found, obtain a decree against the surety on the appeal bond, for the amount of the judgment on motion, after the days notice, which notice shall be tried summarily, and without the intervention of a jury,” &c. This section is amendatory of the 596th article, of the Code of Practice, and should be construed in connexion with it. That article declares, that, “ if on the execution of the judgment of the appellate court, there is not sufficient property of the appellant to satisfy judgment,” &c. The object of the statute being to expedite the remedy against sureties, it would be unreasonable to infer, that there was an intention to discriminate between the case of an affirmance of the judgment of the lower court and a new judgment by the appellate court; the surety being liable in both cases. This would be adhering to the mere letter of the law, without regarding its substauce. The fair meaning of the law-giver is, to quicken the appellee’s reliof *524 against the surety, by taking away the means of delay, which, under the article 596, as construed by the Supreme Court, the surety enjoyed. It had been held in Chalaron v. McFarlane, 9 L. R. 230, that the surety is not bound to pay until all this property, both real and personal, is first exhausted ; while the act of 1839, said the court, in Saulet v. Trepagnier, makes the surety liable on the return of the execution, that no property has been found, without allowing him to show that his principal has property in another parish, &c. 7 R. R. 328.
The writ of ji. fa., which was returned “no property found,” was dated April 14, 1849, and was returnable on the 3d Monday of the ensuing May, viz.: 21st. This was an interval of more than thirty days. It was a legal interval under the stntute, and although it might have been legally made returnable in seventy days, the plaintiff in execution, was under no obligation to adopt the extreme terms. See Statute April 7, 1826, sec. 16.
In the answer of the defendants to the rule, they plead the exception of division under article 3018 of the Civil Code. The doctrine on this subject was considered in McCausland v. Lyons, 4th Ann. 273. The plea has not been met by any evidence of insolvency. The sureties are therefore entitled to the division.
It is therefore decreed, that the judgment be so amended, as to make the said Walton, Sanford, Hartwell, Kidder, and Carman, liable each only for his virile share, to wit, one-fifth instead of the liability in solido, adjudged by the court below; that the costs, however, of the rule upon the said sureties, be paid by them in solido, and that the costs of this appeal be paid by the plaintiffs.